```
                                    FILED
                                   JUN 3 2005
                          UNITED STATES BANKRUPTCY COURT
                          EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              )    Case No. 05-21573-C-7
                                   )
MICHAEL J. MOURA,                  )    DC No. KKY-1
                                   )
       Debtors.                    )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION FOR RELIEF FROM AUTOMATIC STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

#### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

#### Findings of Fact

Debtor filed this voluntary chapter 7 petition on February 15, 2005. He scheduled a 1998 BMW ("vehicle") as an asset of the estate. In Debtor's Statement Of Intention, he stated he intended to surrender the vehicle. The chapter 7 trustee filed



a report finding that there was no property available for distribution from the estate over and above that exempted by debtor. The court notes that the debtor received a discharge from all dischargeable debts on May 19, 2002.

On May 12, 2005, San Francisco Fire Credit Union ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $9,000. The motion and declaration establish that the debtor owes the movant approximately $10,914.85. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate will terminate when an individual in a case under chapter 7 is granted a discharge. 11 U.S.C. § 362(c)(2)(C).

Because the debtor was granted a discharge, the motion for relief from the automatic stay as to the debtor is moot. Thus, the motion will be denied.

The motion will be granted as to the trustee because the trustee filed a no asset report.

An appropriate order will issue.

Dated: June 3, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Michael Moura
3640 Ponderosa Road
Shingle Springs, CA 95682-9459

Diana Cavanaugh
1555 River Park Drive #206
Sacramento, CA 95815

John Roberts
P.O. Box 1506
Placerville, CA 95667-1506

San Francisco Fire Credit Union
c/o Bartlett & Leader-Picone, LLP
2201 Broadway, Suite 803
Oakland, CA 94612

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 6/3/05

*Marilyn Rigsby*
Deputy Clerk